# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CRAIG REULBACH, on behalf of himself and all others similarly situated, | ) CASE NO. |
| | ) |
| | ) JUDGE |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) |
| | ) **NOTICE OF REMOVAL OF CIVIL ACTION** |
| LIFE TIME FITNESS, INC., *et al.,* | ) |
| | ) |
| *Defendants.* | ) |

Defendants LTF Club Operations Company Inc., d/b/a Life Time Fitness, Inc., and LTF Club Management Company LLC (collectively, "Defendants"), by and through their undersigned attorneys, hereby remove this action from the Court of Common Pleas, Cuyahoga County, Ohio, to this United States District Court for the Northern District of Ohio. Defendants respectfully state that the grounds for removal of this action to this Court are as follows:

1. On April 14, 2021 Plaintiff Craig Reulbach ("Plaintiff") filed a civil action against Defendants captioned: *CRAIG REULBACH V. LIFE TIME FITNESS INC., LTF CLUB OPERATIONS COMPANY INC., AND LTF CLUB MANAGEMNT COMPANY LLC*, in the Court of Common Pleas, Cuyahoga County, Ohio as Case No. CV-21-946432 ("State Court Lawsuit"). A copy of the Summonses and Complaint in the State Court Lawsuit are attached hereto as **Exhibit A**.

2. Defendant Life Time Fitness, Inc., which is a d/b/a for LTF Club Operations Company Inc., was served with the Summons and Complaint in the State Court Lawsuit by Certified Mail on April 19, 2021, and the remaining defendants have not yet been served.

3. Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a) and (b), Defendants remove this action to the United States District Court for the Northern District of Ohio, Eastern Division, which is the federal judicial district in which the State Court Lawsuit is pending.

4. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." This Court has original jurisdiction over "federal question" cases, *i.e.*, those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. In his Complaint, Plaintiff, a former employee of LTF Club Operations Company Inc., alleges, among other things, that Defendants violated the federal Fair Labor Standards Act ("FLSA") by failing to pay him and a putative class of persons he seeks to represent for all overtime worked. Removal of this action is proper under 28 U.S.C. § 1441(a) because this is a civil action asserting claims under the laws of the United States over which the federal district courts would have original jurisdiction had the action been brought in federal court.

6. This action is also being removed to this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and it is more likely than not that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See e.g., Absolute Mach. Tools, Inc. v. Clancy Mach. Tools, Inc.*, 410 F. Supp. 665 (N.D. Ohio 2005).

7. Plaintiff is a resident of the state of Ohio. *See* Complaint at ¶6.

8. Defendant LTF Club Operations Company, Inc. is a Minnesota corporation with its principal place of business in Minnesota. Defendant LTF Club Management Company, LLC is a Delaware limited liability corporation with its principal place of business in Delaware. The sole member of LTF Club Management Company, LLC is LTF Operations Holdings, Inc. Defendant

Life time Fitness, Inc. is not an active entity but rather a d/b/a of defendant LTF Club Operations Company, Inc.

9. Therefore, there is complete diversity of citizenship here.

10. In his Complaint, Plaintiff asks that the Court award him "in excess of" $25,000.00 for his individual claims (*See* Complaint at ¶ G of the "Wherefore" clause), allegedly unpaid wages for a putative class of "more than a thousand persons" he seeks to represent (*Id*. at ¶ B; Complaint at ¶ 40), liquidated (i.e. double) damages for any such unpaid wages ("Wherefore" clause at ¶ C), post-judgment interest (*Id*. at ¶ D), all attorneys' fees, costs, and disbursements (*Id*. at ¶ E), "in excess of" $25,000.00 in punitive damages (*Id*. at ¶ H), and "such other and further relief as may be just and proper" (*Id*. at ¶ J). It is respectfully submitted that taken as a whole, Plaintiff's demand is in excess of $75,000.00.

11. Accordingly, this action may be removed because this Court has diversity jurisdiction.

12. Finally, in the State Court Lawsuit, Plaintiff also alleges that Defendants were unjustly enriched and violated Ohio Rev. Code §§ 4112.02 and 4111.03 by allegedly engaging in the same conduct that forms the basis of his FLSA claims. Plaintiff also alleges that he, in his individual capacity, was subject to a hostile work environment based on his age and constructively discharged in violation of Ohio law. This Court may also exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367 because such claims are based on the same alleged facts that form the basis of his federal cause of action and/or are part of the same case or controversy.

13. This Notice of Removal is timely under 28 U.S.C. § 1446(a) and (b) because it is being filed within thirty (30) days after receipt of the Complaint, which was served on defendant Life Time Fitness, Inc. on April 19, 2021 – the remaining defendants have not yet been served.

14. Defendants have also filed a copy of this Notice of Removal of Civil Action with the Clerk of Court for the Court of Common Pleas for Cuyahoga County, Ohio, the state court in which this action was commenced and pending at the time this Notice of Removal was filed with this Court, as required by 28 U.S.C. § 1446(d).

15. All defendants have consented to the removal of this case.

16. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact alleged by Plaintiff, of the validity or merits of any of Plaintiff's allegations, or of any liability for the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved. Further, by filing this Notice of Removal, Defendants do not intend to waive, and hereby reserve, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses which are available to them, including but not limited to the right to compel arbitration of this matter, which Defendants intend to exercise.

WHEREFORE, Defendants request that the above-captioned action now pending in the Court of Common Pleas, Cuyahoga County, Ohio be removed to this United States District Court for the Northern District of Ohio.

Dated:  May 14, 2021

Respectfully submitted,

**JACKSON LEWIS, P.C.**

*/s/ Robert J. Bowes, III*
Robert J. Bowes, III (0092871)
Park Center Plaza I, Ste. 400
6100 Oak Tree Boulevard
Cleveland, OH  44131
(216) 750-0404; (216) 750-0826 (Fax)
Robert.Bowes@jacksonlewis.com


*/s/ Eric R. Magnus*
Eric R. Magnus (*to be admitted Pro Hac Vice*)
171 17th Street, NW. Suite 1200
Atlanta, GA  30363
(404) 525-8200; (404) 525-1173 (Fax)
Eric.Magnus@jacksonlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2021, a true and accurate copy of the foregoing *Notice of Removal of Civil Action* was sent by Email to:

>Lewis A. Zipkin, Esq.
>Kevin M. Gross, Esq.
>Zipkin Whiting Co., L.P.A.
>The Zipkin Whiting Building
>3637 Green Road
>Beachwood, OH  44122
>zfwlpa@aol.com
>kgross@zipkinwhiting.com
>
>*Attorneys for Plaintiff*

>*/s/ Robert J. Bowes, III*
>Robert J. Bowes, III (0092871)
>
>*One of the Attorney for Defendants*

4823-3549-6168, v. 1