CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946432 | D1 CM | 44178292 |

Rule 4 (B) Ohio

Rules of Civil Procedure

CRAIG REULBACH  **PLAINTIFF**
VS
LIFE TIME FITNESS INC. ET AL.  **DEFENDANT**

# SUMMONS

LIFE TIME FITNESS INC.
2902 CORPORATE PLACE
CHANHASSEN MN 55317

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:

Plantiff's Attorney

KEVIN MARK GROSS
3637 GREEN RD.

BEACHWOOD, OH 44122-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

WILLIAM T MCGINTY
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By_____
Deputy



| DATE SENT |
|---|
| Apr 15, 2021 |

COMPLAINT FILED  04/14/2021

CMSN130

**EXHIBIT A**

# SUMMONS IN A CIVIL ACTION - COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
## CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946432 | D2 CM | 44178293 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

CRAIG REULBACH **PLAINTIFF**
VS
LIFE TIME FITNESS INC. ET AL. **DEFENDANT**

LTF CLUB OPERATIONS COMPANY INC.
C/O COGENCY GLOBAL INC.
3958-D BROWN PARK DRIVE
HILLIARD OH 43026

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

KEVIN MARK GROSS
3637 GREEN RD.

BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

WILLIAM T MCGINTY
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By_____
Deputy

| DATE SENT |
|---|
| Apr 15, 2021 |

COMPLAINT FILED  04/14/2021



CMSN130

# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
### CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV21946432 | D3 CM | 44178294 |

Rule 4 (B) Ohio
Rules of Civil Procedure

## SUMMONS

```
        CRAIG REULBACH               PLAINTIFF
             VS
    LIFE TIME FITNESS INC. ET AL.    DEFENDANT
```

```
LTF CLUB MANAGEMENT COMPANY LLC
C/O COGENCY GLOBAL INC.
3958-D BROWN PARK DRIVE
HILLIARD OH 43026
```

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Plantiff's Attorney

```
KEVIN MARK GROSS
3637 GREEN RD.

BEACHWOOD, OH 44122-0000
```

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
WILLIAM T MCGINTY
Do not contact judge. Judge's name is given for
attorney's reference only.
```

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By_____
Deputy

| DATE SENT |
|---|
| Apr 15, 2021 |

COMPLAINT FILED    04/14/2021



CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**April 14, 2021 19:04**

By: KEVIN MARK GROSS 0097343

Confirmation Nbr. 2228776

CRAIG REULBACH                                        CV 21 946432

vs.
                                                      Judge: WILLIAM T. MCGINTY
LIFE TIME FITNESS INC. ET AL.

Pages Filed: 16

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| CRAIG REULBACH<br>178 West Glendale Avenue<br>Bedford, Ohio 44146<br><br>*on behalf of himself and all others similarly situated*<br><br>Plaintiffs,<br><br>-vs-<br><br>LIFE TIME FITNESS INC.<br>2902 Corporate Place<br>Chanhassen, MN 55317<br><br>and<br><br>LTF CLUB OPERATIONS COMPANY INC.<br>c/o Cogency Global Inc.<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br><br>and<br><br>LTF CLUB MANAGEMENT COMPANY LLC<br>c/o Cogency Global Inc.<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br><br>Defendants. | Case No.<br><br>JUDGE<br><br>COMPLAINT<br><br>*Jury Trial Demanded* |

Now comes Plaintiff Craig Reulbach, by and through undersigned counsel, and hereby states his Complaint against Defendants as follows:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendants' practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked and overtime, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. This is also a "class action" pursuant to Ohio Rule of Civil Procedure 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act (OMFWSA), R.C. 4111.03, and to remedy Defendants' unjust enrichment.

2. Plaintiff also brings an individual unjust enrichment claim as well as individual age discrimination claims pursuant to R.C. 4112.01, *et seq.*

## JURISDICTION & VENUE

3. All of the foregoing paragraphs are incorporated as though fully set forth here.

4. Jurisdiction is appropriate in the State of Ohio because the unlawful acts alleged herein were committed in Ohio.

5. Venue is proper in Cuyahoga County because the unlawful acts alleged herein were committed in Cuyahoga County, Ohio.

## PARTIES

6. All of the foregoing paragraphs are incorporated as though fully set forth here.

7. Plaintiff Craig Reulbach is a sixty-four year old natural person residing in Cuyahoga County, Ohio. Plaintiff worked for Defendants from March 20, 2010 until February 2, 2021. Plaintiff worked at Life Time Beachwood, which is located in Cuyahoga County at 3850 Richmond Road, Beachwood, Ohio 44122.

8. Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. 4111.03(D)(3).

9. Defendant Life Time Fitness Inc. is a Minnesota corporation that owns and operates health and fitness clubs throughout the United States.

10. Defendant LTF Club Operations Company Inc. is a subsidiary of Defendant Life Time Fitness Inc.

11. Defendant LTF Club Management Company LLC is a subsidiary of Defendant Life Time Fitness Inc.

12. Defendants regularly conduct business in Cuyahoga County, Ohio and maintain a physical address at 3850 Richmond Road, Beachwood, Ohio 44122.

13. Defendants are employers within the meaning of 29 U.S.C. § 203(d) and R.C. 4111.03(D)(2).

14. Defendants are an enterprise within the meaning of 29 U.S.C. § 203(r).

15. Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

17. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

18. All of the foregoing paragraphs are incorporated as though fully set forth here.

19. Defendants are owners and operators of health and fitness clubs throughout the United States.

20. Plaintiff was employed by Defendants from March 2010 until February 2021 in Defendants' health and fitness club located at 3850 Richmond Road, Beachwood, Ohio 44122.

21. Plaintiff and other similarly situated employees were employed as fitness instructors throughout the United States.

22. Plaintiff and other similarly situated fitness instructors had the same and/or substantially similar job duties and/or responsibilities and were subjected to the same policies and procedures.

23. Plaintiff and other similarly situated fitness instructors were non-exempt employees under the FLSA.

24. Plaintiff and other similarly situated fitness instructors were paid an hourly wage.

**Failure To Pay For Time Spent In (1) Required Weekly Team Meetings, (2) Required Weekly Fitness Equipment Cleaning, (3) Required Weekly Telephone Calls To Members, And (4) Required Annual Online Health And Fitness Learning**

25. Defendants required Plaintiff and other similarly situated fitness instructors to perform the following unpaid work: (1) attend weekly one-hour team meetings; (2) clean fitness equipment weekly for at least two hours; (3) spend two to six hours a week calling Life Time Fitness members to solicit fitness classes and instruction; and (4) spend fifty to one hundred hours a year in online health and fitness learning.

26. Defendants arbitrarily failed to count this work performed by Plaintiff and other similarly situated fitness instructors as "hours worked".

27. Plaintiff and other similarly situated fitness instructors performed this unpaid work, and it constituted a part of their fixed and regular working time.

28. This unpaid work performed by Plaintiff and other similarly situated fitness instructors was practically ascertainable to Defendants.

29. There was no practical administrative difficulty of recording this unpaid work of Plaintiff and other similarly situated fitness instructors. It could have been precisely recorded for payroll purposes simply by allowing them to clock-in and be paid before performing the required work.

30. This unpaid work performed by Plaintiff and other similarly situated fitness instructors constituted a part of their principal activities, was required by Defendants, and was performed for Defendants' benefits.

31. This unpaid work was an integral and indispensible part of other principle activities performed by Plaintiff and other similarly situated fitness instructors, such as their fitness instructing and personal training. They could not perform their fitness instructing and personal training without attending team meetings, cleaning the fitness equipment, calling Life Time Fitness members to solicit fitness instructing and personal training classes, and taking online health and fitness learning courses.

**Failure To Pay Overtime Compensation**

32. Plaintiff and other similarly situated fitness instructors were not paid overtime compensation for all hours they worked over forty each workweek.

33. As a result of Plaintiff and other similarly situated fitness instructors not being paid for all hours worked, Plaintiff and other similarly situated fitness instructors were not paid overtime compensation for all hours they worked over forty each workweek.

34. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

**Failure To Keep Accurate Records**

35. Defendants failed to make, keep, and preserve records of the unpaid work performed by Plaintiff and other similarly situated fitness instructors.

36. The amount of time Plaintiff and other similarly situated fitness instructors spent on their required and unpaid work amounts to approximately 568 hours per year.

## COLLECTIVE ACTION ALLEGATIONS

37. All of the foregoing paragraphs are incorporated as though fully set forth here.

38. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

39. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current fitness instructors employed by Defendants at any time between April 14, 2018 and the present.**

40. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than a thousand persons.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

42. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b) to collectively adjudicate their claims for unpaid overtime compensation, unpaid hours worked, liquidated damages, attorneys' fees, and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

43. All of the foregoing paragraphs are incorporated as though fully set forth here.

44. Plaintiff brings Count Two of this action pursuant to Ohio Rule of Civil Procedure 23(A) and (B)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> **All former and current fitness instructors employed by Defendants at any time between April 14, 2018 and the present.**

45. Plaintiff brings Count Three of this action pursuant to Ohio Rule of Civil Procedure 23(A) and (B)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> **All former and current fitness instructors employed by Defendants at any time between April 14, 2017 and the present.**

46. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than a thousand persons.

47. There are questions of law or fact common to the Ohio Class, including but not limited to:

> **Whether Defendants failed to pay overtime compensation to its fitness instructors for hours worked in excess of forty each workweek;**

> What amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violations of R.C. 4113.02, R.C. 4113.03, and 4111.10;
>
> Whether Defendants failed to pay class members for the time they were required to work;
>
> Whether class members conferred benefits upon Defendants; and
>
> Whether it would be unjust for Defendants to retain the benefits that class members conferred upon them.

48. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories as the claims of the other Ohio Class members.

49. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interest is not antagonistic to, but rather is in unison with, the interests of the other Ohio Class members.

50. The questions of fact or law that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Certification of this case pursuant to Ohio Rule of Civil Procedure 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Federal Fair Labor Standards Act Violations)

52. All of the foregoing paragraphs are incorporated as though fully set forth here.

53. Defendants' policy and practice of not paying Plaintiff and other similarly situated fitness instructors for work performed each day violated the FLSA, 29 U.S.C. § 207, 29 C.F.R. § 785.24.

54. Defendants' policy and practice of not paying Plaintiff and other similarly situated fitness instructors overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over forty in a workweek violated the FLSA, 29 U.S.C. § 207.

55. Defendants' failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated fitness instructors violated the FLSA, 29 C.F.R. § 516.2(a)(7).

56. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the FLSA.

57. As a result of Defendants' policies and practices, Plaintiff and other similarly situated fitness instructors have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Minimum Fair Wage Standards Act Violations)

58. All of the foregoing paragraphs are incorporated as though fully set forth here.

59. Defendants' policy and practice of not paying Plaintiff and other similarly situated fitness instructors for worked performed each day violated the OMFWSA, R.C. 4111.02 and 4111.03.

60. Defendants' policy and practice of not paying Plaintiff and other similarly situated fitness instructors overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over forty in a workweek violated the OMFWSA, R.C. 4111.03.

61. By failing to pay Plaintiff and other similarly situated fitness instructors overtime compensation, Defendants willfully, knowingly, and/or recklessly violated provisions of the OMFWSA, R.C. 4111.03.

62. As a result of Defendants' policies and practices, Plaintiff and other similarly situated fitness instructors have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## COUNT THREE
### (Ohio Common Law Unjust Enrichment)

63. All of the foregoing paragraphs are incorporated as though fully set forth here.

64. Defendants' policy and practice of not paying Plaintiff and other similarly situated fitness instructors for worked performed each day equates to them conferring unjust benefits upon Defendants.

65. Defendants have knowledge of said benefits.

66. Defendants' acceptance and retention of said benefits without Plaintiff and other similarly situated fitness instructors being paid for the work they performed is unjust.

67. As a result of Defendants' policies and practices, Plaintiff and other similarly situated fitness instructors have been damaged in that they have not received compensation due to them.

## INDIVIDUAL COUNT ONE
(Hostile Work Environment Based On Age In Violation Of R.C. 4112.02(A) And R.C. 4112.02(L))

68. All of the foregoing paragraphs are incorporated as though fully set forth here.

69. Plaintiff worked for Defendants from March 20, 2010 until February 2, 2021.

70. For the nearly eleven years of his employment, Plaintiff was in a protected class because at all times he was over the age of forty.

71. Plaintiff is sixty-four years old.

72. For the nearly eleven years of his employment, Plaintiff was ridiculed because of his age.

73. Ohio's continuing violation doctrine, Ohio Admin. Code 4112-3-01(D)(2), applies here. *See* Ohio Admin. Code 4112-1-01(I).

74. Andy Klough, William Hutton, Robert Heller, and Sean Driscoll, former co-workers of Plaintiff, regularly made the following unwelcome comments to Plaintiff:

    Hey old man;

    Sure you can do it old man; and

    Want me to help you old man.

75. Jennifer Farinacci, Beachwood Life Time's department head of group exercise, heard Andy Klough, William Hutton, Robert Heller, and Sean Driscoll's discriminatory comments to Plaintiff, but she failed to take any action in response.

76. Michael Brown, Beachwood Life Time's general manager, stated to Plaintiff:

    You're not young anymore; maybe you should slow down.

77. Amanda Groth, Beachwood Life Time's department head of fitness, regularly stated to Plaintiff:

**Hey old man.**

78. Amanda Groth and Jason Jones drove potential clients away from Plaintiff because of his age.

79. Pursuant to the doctrines of *respondeat superior* and vicarious liability, Defendants are liable for the discriminatory conduct of their agents.

80. Defendants' harassment of Plaintiff was unwelcome.

81. Defendants' harassment of Plaintiff was based on age.

82. Defendants' harassment of Plaintiff was sufficiently severe and/or pervasive so as to affect the terms, conditions or privileges of employment or any matter directly or indirectly related to employment.

83. Defendants knew or should have known of the harassment of Plaintiff based on his age, and Defendants failed to take immediate and appropriate corrective action.

84. As a direct and proximate result of Defendants' harassment, Plaintiff suffered damages.

## INDIVIDUAL COUNT TWO
### (Wrongful Discharge Based On Age In Violation Of R.C. 4112.02(A) And R.C. 4112.02(L))

85. All of the foregoing paragraphs are incorporated as though fully set forth here.

86. Plaintiff worked for Defendants from March 20, 2010 until February 2, 2021.

87. For the nearly eleven years of his employment, Plaintiff was in a protected class because at all times he was over the age of forty.

88. Plaintiff is sixty-four years old.

89. A constructive discharge occurs when an employer's actions make an employee's working conditions so intolerable that a reasonable person under the circumstances would feel compelled to resign.

90. Plaintiff suffered an adverse employment action because he was constructively discharged on February 2, 2021.

91. Plaintiff resigned on February 2, 2021 because he could not endure Defendants' above-mentioned discriminatory comments anymore, and because Isaiah Moon, department head of group exercise, wrongfully took classes away from Plaintiff, which caused him to lose money and benefits.

92. Plaintiff was an exemplary employee and was eminently qualified to work for Defendants; he was one of fifty Exclusive Lifetime Instructors nationwide, and his clients loved him and his fast-pace, energetic cycling classes.

93. Plaintiff's position was filled by Sara C. and Alexandra D., who are both well under the age of forty.

94. As a direct and proximate result of Defendants' wrongful discharge, Plaintiff suffered damages.

## INDIVIDUAL COUNT THREE
### (Ohio Common Law Unjust Enrichment)

95. All of the foregoing paragraphs are incorporated as though fully set forth here.

96. For nearly eleven years, Defendants required Plaintiff to perform the following unpaid work: (1) attend weekly one-hour team meetings; (2) clean fitness equipment weekly for at least two hours; (3) spend two to six hours a week calling Life Time Fitness members to solicit fitness classes and instruction; and (4) spend fifty to one hundred hours a year in online health and fitness learning.

97. Defendants' policy and practice of not paying Plaintiff for worked performed each day equates to him conferring unjust benefits upon Defendants.

98. Defendants have knowledge of said benefits.

99. Defendants' acceptance and retention of said benefits without Plaintiff being paid for the work he performed is unjust.

100. As a result of Defendants' unlawful policies and practices, Plaintiff has been damaged in that he has not received compensation due to him.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and Plaintiff, on behalf of all those similarly situated, demand judgment against Defendants, jointly and severally, as follows:

A. That the Court issue an order permitting this litigation to proceed as a collective action;

B. That the Court order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt-in" to this litigation;

C. That the Court award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

D. That the Court award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

E. That the Court award Plaintiff and the class he represents attorneys' fees, costs, and disbursements;

F. That the Court award Plaintiff and the class he represents any further relief which is equitable, just, and proper;

G. That the Court award Plaintiff economic and noneconomic compensatory damages in an amount in excess of $25,000.00 that arose as a direct and

proximate result of the unlawful conduct of Defendants; Plaintiff's noneconomic damages include, but are not limited to, loss of enjoyment of life, stress, depression, anxiety, emotional distress, mental anguish;

H. That the Court award Plaintiff punitive damages in an amount in excess of $25,000.00 for Defendants' recklessness, conscious disregard, willfulness, wantonness, and maliciousness;

I. That the Court award Plaintiff attorneys' fees, costs, and interest; and

J. That the Court award Plaintiff such other and further relief as may be deemed just, equitable and proper.

Respectfully submitted,

*/s/ Kevin M. Gross*
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)
ZIPKIN WHITING CO., L.P.A.
The Zipkin Whiting Building
3637 Green Road
Beachwood, Ohio 44122
T: 216-514-6400 F: 216-514-6406
E-Mail: zfwlpa@aol.com
    kgross@zipkinwhiting.com

*Attorneys for Plaintiff Craig Reulbach*

## JURY DEMAND

Plaintiff hereby demands a trial by jury with the maximum number of jurors permitted by law.

/s/ *Kevin M. Gross*
Kevin M. Gross (0097848)

*Attorney for Plaintiff Craig Reulbach*